Filed 5/4/22  N.I. v. M.I. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | | |
|---|---|---|
| N.I., | | |
| Plaintiff and Respondent, | | C093069 |
| v. | | (Super. Ct. No. FL2017593) |
| M.I., | | |
| Defendant and Appellant. | | |

Appellant M.I., appearing in propria persona as he did in the trial court, appeals from an order renewing a domestic violence restraining order (DVRO) issued to protect his sister, respondent N.I., and others from appellant.  Appellant contends there is insufficient evidence to support renewal of the DVRO.  We will affirm the renewal order.

BACKGROUND

In July 2017, the trial court issued a DVRO protecting respondent, her minor children, and her parents from appellant (her brother).  Respondent subsequently petitioned the trial court to renew that DVRO.  Appellant opposed the petition.

On October 21, 2020, the trial court heard argument on respondent's petition. Both parties appeared in propria persona and both parties testified.  Respondent's husband testified on her behalf and numerous family members testified on behalf of appellant.  A single exhibit was admitted into evidence.

1

At the conclusion of the hearing, the trial court ruled: "the Court does find [respondent's] testimony credible. I find much of what was testified on the [appellant's] side . . . as not necessarily pertinent to the central question today. [¶] I will also note that what was testified to as -- on the [appellant's] -- in the [appellant's] case is contradicted by previous court rulings after taking -- after the taking of evidence, in fact, in this -- I'll just say general matter. So based on that and based on the testimony I've heard and the documents submitted, I will renew the restraining order." The trial court renewed the DVRO for five years, modifying the order to remove the parties' mother, who passed away after issuance of the initial DVRO.

DISCUSSION

Appellant contends the trial court "did not substantiate [respondent's] allegations to determine its truth or credibility[,]" and respondent "presented no witnesses or any evidence to support any of her allegations." As we explain below, appellant has forfeited his claim on appeal.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Accordingly, the California Rules of Court expressly require appellate briefs to "[s]tate each point . . . and support each point by argument and, if possible, by citation of authority" and to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)

"When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Likewise, " '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been [forfeited]. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) These rules of appellate procedure apply to both parties represented by legal counsel and self-represented parties. (*Id*. at pp. 1246-1247.)

Here, appellant's argument can be found in a single paragraph on a single page of his opening brief. Although he includes citations to authority in that paragraph, he fails to include a single citation to the record on appeal. As a result, he forfeits his claim on appeal. But his claim would fail in any event. The trial court found respondent's testimony more credible than appellant's. It also made it clear that the relative credibility of the parties was central to its decision. We do not second-guess the trial court's credibility determinations or reweigh the evidence. (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12.)

DISPOSITION

The order is affirmed. Respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)(2).)

/S/_____<br>MAURO, Acting P. J.

We concur:

/S/_____
HOCH, J.

/S/_____
KRAUSE, J.

3